IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANGELA OLSON     PLAINTIFF

vs.     Civil No. 1:16-cv-01066

NANCY A. BERRYHILL     DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Angela Olson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability applications on June 14, 2013 (DIB) and on July 25, 2013 (SSI). (Tr. 21). In these applications, Plaintiff alleges being disabled due to a heart condition, depression, GERD, scoliosis, and arthritis in her lower spine. (Tr. 201). Plaintiff alleges an onset date of February 1, 2011. (Tr. 21). These applications were denied initially and again upon reconsideration. (Tr. 69-98).

Plaintiff requested an administrative hearing on December 30, 2013. (Tr. 122). This request

1

was granted, and Plaintiff's administrative hearing was held on September 12, 2014 in El Dorado, Arkansas. (Tr. 42-68). At this hearing, Plaintiff was present and was represented by William Prince. *Id.* Plaintiff and Vocational Expert ("VE") Stephanie Ford testified at this hearing. *Id.* During this hearing, Plaintiff testified she was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c)(2008) (SSI). (Tr. 48). As for her education, Plaintiff testified she had completed the eleventh grade in high school. (Tr. 48).

On April 15, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 18-34). The ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2013. (Tr. 23, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 1, 2011, her alleged onset day. (Tr. 23, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, obesity, COPD, and bipolar disorder. (Tr. 23-24, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 24-26, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 26-32, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> The claimant retains the residual functional capacity to lift and carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk two hours in an eight-hour workday; sit in 20 to 30 minute intervals for six hours in an eight-hour workday; and push and/or pull 10 pounds occasionally and less than 10 pounds frequently. Furthermore, she retains the mental ability to understand, remember, and carry out simple job instructions; make judgments in simple work-related situations;

> respond appropriately to co-workers/supervisors with occasional incidental contact that is not necessary to perform the work; respond appropriately to minor changes in the usual work routine; and must have no dealings with the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff did not retain the capacity to perform any of her PRW. (Tr. 32, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 32-33, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon this testimony and considering her RFC, the ALJ determined Plaintiff retained the capacity to perform her PRW as (1) a document preparer (unskilled) with 8,900 such jobs in Arkansas and 89,000 such jobs nationwide; and (2) a compact assembler (unskilled) with 8,800 such jobs in Arkansas and 85,000 such jobs nationwide. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from February 1, 2011 through the date of the ALJ's decision or through April 15, 2015. (Tr. 33, Finding 11).

Plaintiff sought review with the Appeals Council. On June 10, 2016, the Appeals Council denied her request for review. (Tr. 1-3). On July 13, 2016, Plaintiff filed a Complaint in her case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 11-12. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. <u>Discussion:</u>

In her appeal brief, Plaintiff claims the following: (A) the objective medical evidence demonstrates her impairments meet the requirements of Listing 1.04(c); and (B) the ALJ erred in finding she "could perform skilled work without consideration of her past work and limited education." ECF No. 11 at 1-21. Defendant has responded to Plaintiff's appeal brief and claims her case should be affirmed. ECF No. 12. The Court will consider both of these arguments.

#### A. Listing 1.04(c)

Plaintiff claims her impairments meet the requirements of Listing 1.04(c) (disorders of the spine). ECF No. 11 at 3-15. Again, Plaintiff has the burden of demonstrating her impairments meet *all* the requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Upon review of Plaintiff's argument in this matter, the Court finds Plaintiff has not met his burden on this issue.

Indeed, Listing 1.04(c) requires a demonstration of the following:

> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

In the present action, Plaintiff has not specifically demonstrated *how* her impairments meet these requirements. Instead, Plaintiff broadly argues she has "complained for years of chronic back pain with muscle spasms and radicular pain" and has supplied medical evidence demonstrating she has difficulty with ambulation. ECF No. 11 at 3-15. Plaintiff also lists a number of her impairments and claims these diagnoses demonstrate she meets the requirements of Listing 1.04(c).

However, once again, the Listings have *specific requirements* that must be met. Because Plaintiff has not demonstrated how her impairments meet these specific requirements, the Court simply cannot find Plaintiff has met this burden.

### B. RFC Determination

Plaintiff claims the ALJ erred in assessing her RFC. ECF No. 11 at 15-21. Plaintiff claims her physical and mental limitations cause her to be unable to perform the occupations the ALJ listed. *Id.* Specifically, Plaintiff claims a report from her physician, Dr. Braden, M.D., at the Christian Health Center, demonstrates she is disabled. *Id.* In this report, Dr. Braden found Plaintiff would be absent from work more than twice a month and found Plaintiff could sit less than two hours in an eight-hour time-period and could stand less than two hours in an eight-hour time-period. *Id.* Plaintiff claims the ALJ improperly considered these limitations. ECF No. 11 at 15-21.

In his opinion, the ALJ fully considered the findings in Dr. Braden's report. (Tr. 28-29). Notably, the ALJ discounted those findings because Plaintiff saw this doctor only "one time prior to his statement of functional limitations" and because Plaintiff's own physician "refused to place

6

functional limitations on her activities." (Tr. 28). The ALJ also recognized that at her next appointment with the Christian Health Center, either Plaintiff's nurse or another doctor made the notation that Plaintiff "FILED FOR DISABILITY is probably reason she is here." *Id.* Based upon these facts, the Court cannot find the ALJ erred in considering Dr. Braden's findings.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of June 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE